[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12209
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00011-CR-4-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH WAYNE OLIVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 23, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Joseph Wayne Oliver appeals the district court's judgment revoking his supervised release and imposing a sentence of eight months' imprisonment. For the reasons set forth below, we remand this case to the district court for further findings.

**I.**

In 2002, Oliver pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and was sentenced to 70 months' imprisonment and 3 years of supervised release. The terms of Oliver's supervision prohibited him from unlawfully using or possessing a controlled substance and required him to participate in a substance abuse and mental health program, as directed by the probation officer. Oliver began serving his term of supervised release in June 2007.

In February 2009, the probation officer, Michael Sobeski, filed a petition requesting the district court to revoke Oliver's supervised release. Sobeski alleged that Oliver had violated the conditions of his supervision by: 1) testing positive for marijuana; 2) failing to attend his scheduled drug treatment appointment with Dr. Nancy Wonder on December 11, 2008; and 3) failing to attend his scheduled mental health treatment appointment with Dr. Wonder on the same date.

At the revocation hearing, defense counsel contested the allegations in the petition, and, in response, the government called Sobeski as a witness. With respect to the first allegation, Sobeski testified that one day he went to Oliver's house, and Oliver told him that "he couldn't take a test now because he just took some Marinol tablets from . . . his sister-in-law." Sobeski explained that Marinol was a type of synthetic marijuana and that taking another person's prescription medication constituted a violation of Oliver's supervised release. Sobeski stated that he subsequently referred Oliver to a mental health and drug treatment program, and, despite specifically instructing Oliver to attend his December 11, 2008, appointment, Oliver did not appear. Sobeski continued that Oliver later informed Sobeski that he did not attend the appointment because the road was impassable due to a storm the night before, and, for support, Oliver provided Sobeski with "some transmission" from the electric company. However, Sobeski testified that he later called the electric company and spoke to Bernard Rowan, the area operating superintendent, and Robert Sheppard, Rowan's supervisor, who both informed him that the road in question was passable on the morning of Oliver's appointment.

Defense counsel called Phyllis Young-Oliver ("Phyllis"), the ex-wife of Oliver's brother. Phyllis testified that she was then living with Oliver in order to

3

help care for his mother, who lived nearby and was very ill, and in order to help him see his mother more frequently, as he had no means of transportation since his driver's license had been suspended. Phyllis testified that she attempted to drive Oliver to his December 11, 2008, appointment, but, due to a storm the previous night, the only road leading into town was "washed out" and impassable, trees were down, and the electricity was out, preventing them from making any calls. Phyllis, a former nurse, admitted giving Oliver Marinol, but she explained that she gave it to him in order to help ease his nausea from a stomach virus.

Defense counsel then called Oliver, who testified that he took the Marinol to help ease his stomach pain, but he did not know what Marinol was or that it was a controlled substance. With respect to the December 11, 2008, appointment, Oliver testified that the only road into town was impassable that morning, and, although he attempted to remove some of the downed trees with a saw, he stopped when he saw a downed electrical line on the road.

At the conclusion of the testimony, and after hearing brief argument from the parties, the court stated: "I have carefully considered the statements of all parties, the testimony of the witnesses and the information contained in the violation report. Based on the evidence presented, I now find that you, Joseph Wayne Oliver, have violated the terms and conditions of your supervised release."

4

Oliver then personally addressed the court and stated that he did the best he could to make his scheduled appointments, but he simply lacked "the resources to get from one point to the next . . . ." The court then pronounced its sentence as follows:

> I have fully considered the factors set out in 18, United States Code, section 3553(a), including the applicable guidelines and the policy statements issued by the Sentencing Commission.
>
> I recognize that the guidelines are not binding upon me and I have tailored the sentence to take into account the facts and circumstances surrounding this particular case.
>
> Pursuant to the Sentencing Reform Act of 1984 and all amendments, your term of supervised release is revoked. You are hereby committed to the custody of Bureau of Prisons for a term of eight months.

Defense counsel objected on the ground that "the evidence did not support the Court's finding that [Oliver] willfully violated his supervised release." After the district court entered a judgment and Oliver filed a notice of appeal, we expedited this appeal.

## II.

"We review the district court's conclusion that [an] appellant violated the terms of his supervised release for abuse of discretion." United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). "Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has

violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006); see 18 U.S.C. § 3583(e)(3).

In Copeland, we clarified that due process requires the district court to state "the reasons for the revocation of supervised release and the evidence the decision maker relied upon." 20 F.3d at 414. In that case, we concluded that the district court provided sufficient reasons because it "set forth the specific witness testimony it relied upon in reaching its conclusions, its reasons for crediting [a] witness, and its justification for revoking appellant's supervised release." Id. at 415.

## III.

In this case, Oliver contends, and the government concedes, that the district court did not sufficiently state its reasons for revoking Oliver's supervised release. The parties are correct, as the district court stated only that, after having considered the evidence, it found that Oliver violated the terms of his supervision. This conclusory statement, devoid of any specific reference to the facts or evidence in the case, is wholly inadequate, especially in light of the conflicting testimony presented at the revocation hearing. See id. at 414-15; United States v. Lacey, 648

F.2d 441, 445 (5th Cir. Unit A June 19, 1981) (holding that "general conclusory reasons . . . do not meet [the] due process requirement that the revoking judge state the factual findings and the reasons relied upon for revocation").[1]  Accordingly, we hereby issue a limited remand so that the district court can set forth its reasoning in this regard.[2]

**REMANDED.**

_____

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2]  Because the district court failed to provide sufficient reasons for the revocation, we decline to address Oliver's argument that he did not willfully violate the terms of his supervision and that the district court failed to set forth sufficient reasons for its sentence.  On the latter point, however, we note that the district court on remand may wish to buttress the reasons for its sentence with the findings it makes on the revocation issue.  We also encourage the district court to expedite this case, as Oliver's eight-month sentence began to run in April 2009.