[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

No. 09-12209
Non-Argument Calendar

_____

D. C. Docket No. 02-00011-CR-4-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH WAYNE OLIVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 3, 2009)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Joseph Wayne Oliver appeals the district court's judgment revoking his supervised release under 18 U.S.C. § 3583(e)(3) and imposing a sentence of eight months' imprisonment. Oliver argues that (1) the government failed to show that he willfully violated the conditions of his supervision, (2) the district court abused its discretion by failing to set forth sufficient reasons for revoking his supervised release, and (3) the district court failed to set forth sufficient reasons for sentencing him to eight months' imprisonment. For the reasons set forth below, we affirm.

## I.

In 2002, Oliver pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and was sentenced to 70 months' imprisonment and 3 years of supervised release. The terms of Oliver's supervision prohibited him from unlawfully using or possessing a controlled substance and required him to participate in a substance abuse and mental health program, as directed by the probation officer. On appeal, we affirmed his sentence. Oliver began serving his term of supervised release in June 2007.

In February 2009, the probation officer, Michael Sobeski, filed a petition requesting that the district court revoke Oliver's supervised release. Sobeski alleged that Oliver had violated the conditions of his supervision by: 1) testing positive for marijuana on June 12, 2008; 2) failing to attend his scheduled drug

2

treatment appointment with Dr. Nancy Wonder on December 11, 2008; and 3) failing to attend his scheduled mental health treatment appointment with Dr. Wonder on the same date.

At the revocation hearing, Sobeski testified that during one of his visits to Oliver's house, Oliver informed him that "he couldn't take a test now because he just took some Marinol tablets from . . . his sister-in-law." Oliver took the drug test and tested positive for marijuana. Sobeski explained that Marinol was a type of synthetic marijuana and that taking another person's prescription medication constituted a violation of Oliver's supervised release. Sobeski stated that he subsequently referred Oliver to a mental health and drug treatment program. He stated that Oliver failed to participate in the mental health treatment on "multiple occasions." Sobeski called Oliver two days before his December 11, 2008 appointment and reminded him to attend, but Oliver did not attend. Oliver later informed Sobeski that he could not make the appointment because the road was impassable due to a storm the night before. However, Sobeski testified that two electric company employees informed him that the road in question was passable on the morning of Oliver's appointment.

Phyllis Young-Oliver ("Phyllis"), the ex-wife of Oliver's brother, testified that she was then living with Oliver, who had no means of transportation. She

testified that she attempted to drive Oliver to his December 11, 2008, appointment, but, due to a storm the previous night, the only road leading into town was "washed out" and impassable, and the electricity was out, preventing them from making any calls. Phyllis, a former nurse, admitted giving Oliver Marinol, but she explained that she gave it to him to help ease his nausea from a stomach virus.

Oliver testified that he took the Marinol to help ease his stomach pain, but that he did not know what Marinol was or that it was a controlled substance. With respect to the December 11, 2008, appointment, Oliver testified that the only road into town was impassable that morning, and, although he attempted to remove some of the downed trees with a saw, he stopped when he saw a downed electrical line on the road.

The court stated that it had considered the parties' statements, as well as the witnesses' testimony and the information contained in the violation report, and it found that Oliver had violated his supervised release. The court pronounced its sentence as follows:

> I have fully considered the factors set out in 18, United States Code, section 3553(a), including the applicable guidelines and the policy statements issued by the Sentencing Commission.
>
> I recognize that the guidelines are not binding upon me and I have tailored the sentence to take into account the facts and circumstances surrounding this particular case.

4

> Pursuant to the Sentencing Reform Act of 1984 and all amendments, your term of supervised release is revoked. You are hereby committed to the custody of Bureau of Prisons for a term of eight months.

Defense counsel objected on the ground that "the evidence did not support the Court's finding that [Oliver] willfully violated his supervised release."

Oliver appealed and we remanded, instructing the district court to set forth its reasons for revoking Oliver's supervised release. See United States v. Oliver, No. 09-12209 (11th Cir. Sept. 23, 2009).

On remand, the district court noted that it was undisputed that (1) Oliver had taken Marinol, a prescription medication, which resulted in a positive urine test for marijuana, and (2) Oliver did not attend a scheduled appointment with Dr. Wonder on December 11, 2008 and had not participated in regular counseling sessions before or after that date. The court explained that Oliver's testimony was not credible, that Oliver knew that Marinol was a prescription drug, and that taking the drug would result in a violation of the conditions of his supervised release. It noted that Oliver told Sobeski that he could not take a drug test because he had taken the Marinol. With respect to the counseling sessions, the court also found Oliver's testimony about the condition of the road "not entirely credible." It noted that electric company employees told Sobeski that the road was passable on the morning of December 11, 2008, and that Oliver's failure to attend counseling

5

sessions before and after December 11, 2008, "demonstrate that he has not made a good faith effort to participate in a program of mental health and drug treatment." Finally, the court stated that the eight-month sentence was sufficient, but not greater than necessary to meet the purposes of 18 U.S.C. § 3553(a), specifically, "the need to promote respect for the law, provide just punishment, and afford adequate deterrence to others."

## II.

### *Government's Proof of Supervised Release Violation*

We "review the district court's conclusion that [an] appellant violated the terms of his supervised release for abuse of discretion." United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). We are bound by the district court's findings of fact unless they are clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). "The credibility of a witness is in the province of the factfinder and [we] will not ordinarily review the factfinder's determination of credibility." Copeland, 20 F.3d at 413.

A district court may "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release. . . . ." 18 U.S.C. § 3583(e)(3).

The district court on remand determined that Oliver willfully violated his

6

supervised release. It stated that Oliver "willfully used Marinol, a controlled substance," made virtually no effort to participate in mental health and drug treatment," and "has shown that he simply is not willing to comply with conditions of supervised release." This determination was supported by a preponderance of the evidence.

Initially, we accept the district court's determination that Oliver's testimony was not credible. See Copeland, 20 F.3d at 413 (holding that we "will not ordinarily review the factfinder's determination of credibility"). At the revocation hearing, Sobeski testified that Oliver told him that he could not take the drug test because he had taken Marinol. This indicates that Oliver knew that Marinol was a controlled substance, and that the drug test would show that he had violated the terms of his supervised release. Sobeski testified that Oliver told him that the Marinol belonged to his sister-in-law and also testified that taking another person's prescription medication constituted a supervised release violation. Finally, Sobeski testified that Oliver failed to attend mental health treatment appointments on "multiple occasions" and that electric company employees informed him that the road Oliver took to the meeting was clear on the morning of December 11, 2008. Accordingly, a preponderance of the evidence supports the district court's determination that Oliver willfully violated the terms of his supervised release.

*District Court's Statement of Reasons for Revoking Supervised Release*

In Copeland, we clarified that due process requires the district court to state "the reasons for the revocation of supervised release and the evidence the decision maker relied upon." Copeland, 20 F.3d at 414. In that case, we concluded that the district court provided sufficient reasons because it "set forth the specific witness testimony it relied upon in reaching its conclusions, its reasons for crediting [a] witness, and its justification for revoking appellant's supervised release." Id. at 415. "[G]eneral conclusory reasons . . . do not meet [the] due process requirement that the revoking judge state the factual findings and the reasons relied upon for revocation." United States v. Lacey, 648 F.2d 441, 445 (5th Cir. Unit A June 1981).

The district court here adequately explained its reasons for revoking Oliver's supervised release. It noted that the parties did not dispute that Oliver took Marinol on or around June 12, 2008, and that the Marinol resulted in a positive urine test for marijuana. It also noted that it had considered Sobeski's testimony that he received information from the electric company that contradicted Oliver's testimony regarding the blocked road. Finally, the district court stated that it discredited Oliver's testimony that he did not know that taking the Marinol would constitute a violation of the terms of his supervised release. It explained that

8

Oliver's testimony was not credible because he knew that Marinol was a prescription drug and his testimony regarding the condition of the road was contradicted by representations electric company employees made to Sobeski. Because the district court "set forth the specific witness testimony it relied upon in reaching its conclusions, its reasons for crediting . . . witness[es], and its justification for revoking supervised release," it did not abuse its discretion in revoking Oliver's supervised release. See Copeland, 20 F.3d at 415.

*District Court's Statement of Reasons for Imposing Eight-Month Sentence*

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). "Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." Id. at 1107; See 18 U.S.C. § 3583(e)(3). The district court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

At Oliver's revocation hearing, the district court specifically stated that it

9

had "fully considered the factors set out in 18, United States Code, section 3553(a)." The court specifically explained that the eight-month sentence was "needed to promote respect for the law, provide just punishment, and afford adequate deterrence to others." Although the district court did not specifically discuss Oliver's rehabilitative needs, it is not required to explicitly state each § 3553(a) factors that it considers, or to methodically discuss each factor. See Scott, 426 F.3d at 1329. Thus, the district court adequately considered the § 3553(a) sentencing factors and explained its reasons for imposing the eight-month sentence. Accordingly, we affirm the revocation of Oliver's supervised release, as well as his eight-month sentence.

**AFFIRMED.**